NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-10917


COMMONWEALTH  vs.  ARIEL MORALES.



Norfolk.     October 7, 2019. - December 17, 2019.

Present:  Gants, C.J., Lenk, Lowy, Budd, & Kafker, JJ.


Homicide.  Evidence, Prior consistent statement.  Practice,
     Criminal, Capital case.




Indictments found and returned in the Superior Court
Department on April 1, 2008.

The cases were tried before Janet L. Sanders, J.


Brian J. Kelly for the defendant.
Tracey A. Cusick, Assistant District Attorney, for the
Commonwealth.


BUDD, J.  The defendant, Ariel Morales, was convicted by a

jury of murder in the first degree on the theories of deliberate

premeditation and extreme atrocity or cruelty, and of conspiracy

to commit murder in connection with the shooting death of Carlos

Gomez.  On appeal, the defendant contends that the trial judge

abused her discretion by allowing a State police trooper to

testify to the prior statements of a key witness that were consistent with that witness's trial testimony. This alleged error, the defendant argues, gave rise to a substantial likelihood of a miscarriage of justice. Alternatively, the defendant requests that we exercise our authority pursuant to G. L. c. 278, § 33E, to reduce the verdict or order a new trial. Upon full review of the record, we affirm and decline to grant extraordinary relief under § 33E.

Background. We summarize the facts the jury could have found, reserving certain details for discussion. On the evening of October 14, 2007, the victim met with Luis Lopez, a drug dealer to whom the victim owed money; Jose Perez, who worked for Lopez selling drugs; and the defendant, Lopez's brother-in-law. The victim had a money order, payable to a third party, that the victim planned to use to repay the money owed to Lopez. Lopez drove the men to several different convenience stores in order for the victim to try to cash the money order; however, the victim was unsuccessful.

While the victim was inside the last convenience store visited, attempting to cash the money order for a final time, Lopez asked the defendant to kill the victim. The victim returned to the vehicle, having been unable to obtain cash to repay Lopez, and Lopez resumed driving. At some point the defendant asked him to stop so that the defendant could smoke a

cigarette. Lopez stopped on a dark road, and both the defendant and the victim got out of the car to smoke. The defendant then drew a firearm from his waistband, called the victim's name, and shot him in the forehead. When the victim fell to the ground, the defendant stood over him and shot him several more times. The victim was discovered hours later lying on the side of the road in a pool of blood, holding the money order in his hand.

Discussion. 1. Prior consistent statements. Perez, who gave a statement to police after his arrest, was a key witness for the Commonwealth. Among other things, he testified as to events that took place before and after the killing, as well as to details of the shooting itself. Although Perez originally was charged with murder in the first degree, months after providing his account of the events to the police, he reached an agreement with the Commonwealth in which he pleaded guilty to accessory to murder after the fact and received a sentence of from five to six years.

The prosecutor also called as a witness the State police trooper who interviewed Perez. Through the trooper's testimony, the jury learned that the statements Perez made regarding the killing during his interrogation were consistent with his testimony. The defendant argues that the judge erred in admitting Perez's prior consistent statements through the trooper because they improperly bolstered Perez's credibility.

We note at the outset that, because trial counsel failed to object to any portion of the trooper's testimony, we review the matter to determine whether any error in admitting the testimony created a substantial likelihood of a miscarriage of justice.  Commonwealth v. Rivera, 430 Mass. 91, 99 (1999).  For the reasons set forth infra, we find no error in the admission of the prior consistent statements.

"A witness's prior statement that is consistent with that witness's trial testimony is usually inadmissible."  Commonwealth v. Novo, 449 Mass. 84, 93 (2007), quoting Rivera, 430 Mass. at 99.  See Mass. G. Evid. § 613(b)(1) (2019).  This is because "the testimony of a witness in court should not need -- and ought not -- to be 'pumped up' by evidence that the witness said the same thing on some prior occasion."  Commonwealth v. Kindell, 44 Mass. App. Ct. 200, 202-203 (1998), citing 4 J.H. Wigmore, Evidence § 1124, at 255 (Chadbourne rev. ed. 1972).

However, "the use of prior consistent statements to rehabilitate a witness is permissible when a court finds that a party has claimed that a witness's in-court testimony is the result of recent contrivance or bias, so long as the prior consistent statement was made before the witness had a motive to fabricate or the occurrence of an event indicating a

bias." Commonwealth v. Caruso, 476 Mass. 275, 284 n.5 (2017), and cases cited. See Mass. G. Evid. § 613(b)(2).

Before admitting a prior consistent statement, the trial judge must determine that, in fact, the opposing party has claimed that a witness's in-court testimony is a recent fabrication, and that the prior consistent statement was made before the witness had a motive to fabricate his or her trial testimony.[1] See Caruso, 476 Mass. at 284.

Here, the defendant contends that Perez's prior consistent statements were admitted improperly because the defendant did not suggest that Perez's testimony was a recent contrivance. We disagree. At the outset, defense counsel specifically challenged Perez's credibility, contending during his opening statement that "[Perez] cut a deal to blame somebody else for what he did." Later, on cross-examination, defense counsel asked Perez about the specific details of the agreement.

The defendant argues that trial counsel's cross-examination of Perez "barely mentioned" Perez's plea agreement, and "never raised any claim of recent contrivance or motive to lie." He further points out that, because the prosecutor already had established the existence of a plea agreement during the direct

---

[1] These findings should be made on the record outside the presence of the jury. Commonwealth v. Caruso, 476 Mass. 275, 284 (2017).

examination, trial counsel's questions on the matter were cumulative and of little consequence.  Thus, the defendant reasons, the impeachment of Perez could not be considered as an assertion of recent contrivance that opened the door to the admission of prior consistent statements.  See Caruso, 476 Mass. at 284.

This argument is unpersuasive.  Defense counsel's references to Perez's plea agreement during the opening statement and during cross-examination served no other purpose than to establish that Perez was motivated to fabricate his testimony in exchange for a lesser sentence.  We conclude that defense counsel indeed raised the issue of recent contrivance and that the judge unambiguously so found.

With regard to whether Perez's prior consistent statements to the trooper preceded the plea agreement Perez reached with the Commonwealth, the judge did not make an explicit finding on the issue, and the defendant does not argue this point on appeal.[2]  At any rate, the failure to make the requisite findings explicitly is not reversible error, so long as the findings are both implied and supported by the record.  See Caruso, 476 Mass.

---

[2] Nor was there any discussion as to the admissibility of the prior consistent statements because defense counsel made no objection.

at 284-285, citing Commonwealth v. Gaulden, 383 Mass. 543, 547

(1981), and Commonwealth v. Brady, 380 Mass. 44, 52 (1980).

Here, it is undisputed that the statements that Perez made

to the trooper preceded Perez's agreement to testify for the

Commonwealth in exchange for a reduced sentence.  We thus

conclude that the judge did not abuse her discretion in

admitting the prior consistent statements.[3]  See Commonwealth

v. Lessieur, 472 Mass. 317, 323, cert. denied, 136 S. Ct. 418

(2015), quoting Commonwealth v. Tucker, 189 Mass. 457, 485

(1905) ("admission or exclusion of [prior consistent statements]

rests largely in the discretion of the trial [judge]").

2.  Relief pursuant to G. L. c. 278, § 33E.  The defendant

also requests that this court exercise its authority either to

reduce his verdict or to order a new trial.  The defendant

points to no reason why this court should do so, beyond the

admission of Perez's prior consistent statements, which, as

discussed supra, we have determined to be proper.  Pursuant to

our duty under G. L. c. 211, § 3, we carefully have reviewed the

entire record and discern no reason to grant a new trial or to

reduce the verdict of murder in the first degree.

                                        Judgments affirmed.

---

[3] We note that the judge properly gave the jury a limiting
instruction explaining that Perez's prior consistent statement
could only be considered to rebut the claim of recent
contrivance.